| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:19-cv-01057-CAS-JDEx | Date | April 29, 2019 |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Catherine Jeang | Laura Elias | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Ami Meyers | | Matthew Negrin | |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Dkt. 9, filed March 13, 2019)

## I. INTRODUCTION

On February 12, 2019, plaintiff Noah's Ark Processors, LLC filed this action against CMBG Advisors, Inc. ("CMBG"). Dkt. 1 ("Compl."). Plaintiff alleges claims for breach of fiduciary duty and constructive fraud. Id. On March 13, 2019, CMBG filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6). Dkt. 9 ("Mot."). Plaintiff filed an opposition on April 8, 2019, dkt. 18 ("Opp'n"), along with a motion to strike evidence submitted in support of CMBG's motion to dismiss, dkt. 19.[1] On April 15, 2019, CMBG filed a reply, dkt. 22 ("Reply"), and an opposition to plaintiff's motion to strike, dkt. 23. The Court held a hearing on April 29, 2019. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. An Assignment for the Benefit of Creditors

An assignment for the benefit of creditors ("ABC") is a "business liquidation device available to an insolvent debtor as an alternative to formal bankruptcy proceedings." Credit Managers Assn. v. Nat'l Indep. Bus. All., 162 Cal. App. 3d 1166, 1169 (1984). Such assignments in California are governed by common law and a

---

[1] In reaching its decision, the Court does not rely on the evidence submitted in support of CMBG's motion to dismiss. Accordingly, the Court denies plaintiff's motion to strike as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:19-cv-01057-CAS-JDEx | Date | April 29, 2019 |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

patchwork of state statutes.  See id.  Under an ABC, a distressed entity transfers its property to a third-party assignee who becomes responsible for liquidating the entity's estate in a fiduciary capacity for the benefit of the estate's creditors.  See id. at 1169–1171.  The law governing ABCs require the third-party assignee to pay certain claims, such as secured claims or priority unsecured claims to be paid before any general unsecured claims.  See e.g., Myzer v. Emark Corp., 45 Cal. App. 4th 884 (1996); Cal. Code Civ. P. § 1204.5 (providing for priority treatment of consumer deposit claims); Cal. Code Civ. P. § 1204 (providing for priority treatment of claims for wages, salaries, commissions, and employee benefit contributions ).

### B. Plaintiff's Allegations

Plaintiff filed suit against Value Meats, Inc. dba Charlie's Pride ("VMI") in the Superior Court for the County of Los Angeles.  Compl. ¶ 4.  In approximately August 2016, plaintiff reached a settlement with VMI in which VMI agreed to pay plaintiff $180,000.  Id. Ex. A ("Judgment") at 2.  VMI made a single payment of $42,107.18 on or about August 31, 2016, but failed to make any subsequent payments.  Id.  On October 18, 2016, VMI entered a general assignment for the benefit of creditors in favor of CMBG.  Compl. Ex. B ("ABC").

Pursuant to the ABC, VMI transferred ownership of its assets to CMBG, and in so doing, designated CMBG to act, pursuant to California law, as the assignee for the benefit of creditors of VMI.  ABC at 1–2.  The ABC provides that the net proceeds from the liquidation of VMI's estate are to be applied first to certain prioritized claims, including secured claims, taxes, employee claims, and that "all distributions to other creditors shall be, within each class, *pro-rata* in accordance with the terms of each creditor's indebtedness, until all such debts are paid in full."  Id. at 6.

Plaintiff learned about VMI's ABC on November 4, 2016.  Compl. ¶ 5.  On November 14, 2016, plaintiff requested a judgment against VMI in the Los Angeles Superior Court.  Id. ¶ 4.  The Superior Court granted plaintiff's motion and entered judgment against VMI in the amount of $137,892.82, representing the principal of $180,000 less VMI's payment of $42,107.18, as well as interest in the amount of $2,684.90, attorneys' fees in the amount of $15,000, and interest at the rate of $37.78 daily through the date of satisfaction of judgment.  Id.; Judgment at 2.  Plaintiff represents that the amount required to satisfy that judgment is now $189,526.67.  Id. ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:19-cv-01057-CAS-JDEx | Date | April 29, 2019 |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

In January 2017, plaintiff submitted a claim form to CMBG for an unsecured claim in the amount of $157,957.86. Compl. ¶ 5; Ex. C. On May 3, 2017, plaintiff's counsel, Ami Meyers, asked CMBG about the status of plaintiff's claim. CMBG, through Lisa van Eyssen, responded the next day that it was "in the process of settling a class action wage lawsuit with an agreed amount still pending" and that "[o]nce the priority claims have been paid out, [CMBG] will disburse to unsecured creditors on a pro-rata basis." Compl. ¶ 6. CMBG also included a spreadsheet that listed VMI's creditors. Id.

On June 9, 2017, Meyers emailed van Eyssen requesting another status update. Id. ¶ 7. After receiving no response for over a month, Meyers emailed van Eyssen again around July 18, 2017. Id. That same day, van Eyssen responded that CMBG was "reviewing the 100+ claims that came in for Charlie's Pride—over 40 claims had insufficient back up documentation and discrepancies." Id.

On August 29, 2017, CMBG settled the case Claudia Ramirez v. Charlie's Meat Pride, Los Angeles Superior Court Case No. BC628264. Id. ¶ 8. Plaintiff alleges that it "appears" that "VMI paid money to settle that case," but that plaintiff "does not know the amount of money paid." Id.

On October 18, 2017, Meyers again emailed van Eyssen requesting another status update. Id. ¶ 9. Van Eyssen responded that, in addition to settling a class action wage lawsuit, CMBG was dealing with "a large amount of chargebacks" sent by Universal Trucking, totaling over $1 million, and that "as fiduciaries, CMBG is obligated to diligently review and verify the claim." Id. ¶ 10.

On January 10, 2018, Meyers emailed van Eyssen requesting another update, and noted that the class action wage case had settled. Id. ¶ 11. CMBG responded that the Universal Trucking chargeback issue had not yet been resolved. Id.

On April 27, 2018, Meyers emailed van Eyssen noting that a year had passed since the final date to submit claims to CMBG and that he had "no idea as to how long the process would take." Id. ¶ 12. Van Eyssen responded that various matters had not yet concluded and explained that

> as the assignee for [VMI], CMBG has and continues to strive to resolve and settle ongoing contentious litigation and other ongoing matters in connection with the estate, whether arising from before or after the commencement of the ABC, in the most efficient and cost-effective manner as possible. Although

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:19-cv-01057-CAS-JDEx | Date | April 29, 2019 |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

> we hope that these matters are resolved quickly, we anticipate that there will be very limited funds remaining in the estate to be distributed to the various creditors. Given the large pool of creditor claims submitted, it is highly likely that the resulting distributions will be nominal.

Id.

On November 6, 2018, Meyers sent van Eyssen an email asking why CMBG had not notified plaintiff about CMBG's settlement of Value Meats, Inc. v. USI, Los Angeles Superior Court Case No. BC688109. Id. ¶ 13. Van Eyssen responded that CMBG does not send out updates "to the creditors (which number in the hundreds for [VMI])" as it would be a cost on the ABC." Id. Meyers responded that "technology allows for cheap and fast ways to provide updates to hundreds of creditors." Id. CMBG's attorney responded with general information about two pending cases and explained that "there are other potential claims by and against the estate that are pending and will need to be resolved before we would be able to make any distributions." Id.

## III. LEGAL STANDARD

### A. Rule 8(a)

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

### B. Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:19-cv-01057-CAS-JDEx | Date | April 29, 2019 |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Moss, 572 F.3d at 972. However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### C. Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pleaded with particularity. Rule 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-cv-01057-CAS-JDEx | Date | April 29, 2019 |
|---|---|---|---|
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba–Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "sounds in fraud" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies solely on that conduct to prove a claim. Id. at 1103. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Rule] 9(b)." Id. at 1103–04. However, where a plaintiff alleges claims grounded in fraudulent and non-fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Rule 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false.'" Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

## III. DISCUSSION

### A. Breach of Fiduciary Duty

To state a claim for breach of fiduciary duty, a plaintiff must show: (1) the existence of a fiduciary relationship; (2) the breach of that relationship; and (3) damage proximately caused by the breach. Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2003). Plaintiff alleges that CMBG breached its fiduciary duty when it withheld "information as to payment schedule and payment amount," "admitted to paying other creditors before [p]laintiff," and admitted "that it intends to pay other creditors before it pays [p]laintiff." Compl. ¶ 6. According to plaintiff, CMBG's "withholding of money and information has damaged and continues to damage [it] in the amount of $189,526.67." Id.

CMBG's role as an assignee "is akin to that of a trustee or administrator of an estate who owes fiduciary duties to the estate's beneficiaries." Berg & Berg Enterp., LLC v. Sherwood Partners, Inc., 131 Cal. App. 4th 802, 825 (2005). CMBG is thus "charged with the duty to defend the property in its hands against all unjust adverse

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:19-cv-01057-CAS-JDEx | Date | April 29, 2019 |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

claims." Credit Managers Ass'n v. National Independent Business Alliance, 162 Cal. App. 3d 1166, 1170–72 (1984). CMBG does not contest that it owes a fiduciary duty to plaintiff as a creditor of the VMI estate. Mot. at 11. However, the Court finds that plaintiff fails to sufficiently allege that: (1) CMBG breached its fiduciary duty, and (2) that plaintiff was damaged by CMBG's alleged breach.

Plaintiff first alleges that CMBG breached its fiduciary duty by withholding information as to payment schedule and payment amount. However, plaintiff provides no authority supporting the proposition that an assignee's fiduciary duty requires the provision of such information. Rather, based on the allegations in the complaint, it appears that CMBG was in no position to provide such information as it was still in the process of litigating several lawsuits that had been filed by and against VMI as well as evaluating claims by other creditors. Given that plaintiff is not alleged to have any priority status and therefore is only entitled to be paid on a pro rata basis from the remaining funds once all secured and priority claims are paid, there appears to be nothing inappropriate about CMBG's decision not to provide plaintiff with a payment schedule or a payment amount at this time.

And as for CMBG's statements that it has and will continue to pay other creditors before plaintiff, plaintiff provides no factual allegations demonstrating that these payments constitute a breach of CMBG's fiduciary duty. Here, the terms of the ABC, as well as California law governing the order in which claims must be paid under an ABC, plainly require CMBG to pay secured claims and priority unsecured claims before making any payments to unsecured creditors such as plaintiff. Here, for example, plaintiff has suggested that CMBG settled a wage claim in violation of the ABC, when the ABC explicitly provides that such claims are priority claims. See ABC at 6 (prioritizing "all monies due employees of the Assignor"). Such payments appear to be consistent with, rather than a breach of, CMBG's fiduciary duties.

As for damages, plaintiff fails to allege any facts supporting its contention that it has been damaged in the amount of $187,526.67. Given that plaintiff is an unsecured general creditor, it appears that it will only be entitled to its pro rata share of what is left once CMBG pays all other secured and priority claims—not the full amount of the judgment that it received in Los Angeles Superior Court. And plaintiff fails to allege any facts suggesting that CMBG has paid other unsecured general claims in a manner that has wrongly reduced plaintiff's pro rata share.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:19-cv-01057-CAS-JDEx | Date | April 29, 2019 |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

The Court thus finds that plaintiff has failed to state a claim for breach of fiduciary duty. Plaintiff's claim for breach of fiduciary duty is **DISMISSED** without prejudice.

### B. Constructive Fraud

Constructive fraud "is a unique species of fraud applicable only to a fiduciary or confidential relationship." Michel v. Moore & Associates, Inc., 156 Cal. App. 4th 756, 763 (2007) (citation omitted). The elements of a claim for constructive fraud are: "(1) a fiduciary or confidential relationship; (2) nondisclosure (breach of fiduciary duty); (3) intent to deceive; and (4) reliance and resulting injury (causation)." Younan v. Equifax Inc., 111 Cal. App. 3d 498, 516 n.14 (1980). Here, plaintiff alleges that CMBG committed constructive fraud when it "repeatedly promised [p]laintiff . . . of a forthcoming schedule of payment and payment" and "induced [p]laintiff's reliance on those representations." Compl. ¶ 15. Plaintiff further alleges that it is "informed and believes . . . that [CMBG] never intended to adhere to its promises" and instead "sought to defraud [p]laintiff of any money that [CMBG] owed to [p]laintiff." Id.

Plaintiff's bare assertion that CMBG made such promises, without any supporting facts, is insufficient to meet Rule 9(b)'s demanding standard. The emails from van Eyssen that plaintiff included in the complaint show that, rather than promising a payment schedule, CMBG consistently indicated that it was still in the middle of several lawsuits and that it had not yet verified all of the claims made against VMI's estate. And rather than promising any payment, CMBG explained that any future payment was likely to be "nominal" in light of the hundreds of claims against VMI's estate. Compl. ¶ 12. The complaint also lacks any allegations supporting plaintiff's assertion that CMBG acted with the intent to defraud plaintiff. And there are no allegations supporting plaintiff's contention that it relied on CMBG's representations to its detriment.

The Court thus finds that plaintiff has failed to state a claim for constructive fraud. Plaintiff's claim for constructive fraud is **DISMISSED** without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-01057-CAS-JDEx | Date | April 29, 2019 |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

## V.  CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** CMBG's motion to dismiss plaintiff's complaint. Plaintiff shall have 21 days to file an amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 20 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |