UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:19-cv-01057-CAS-JDE | Date | July 15, 2019 |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Ami Meyers | Matthew Negrin |

**Proceedings:** MOTION TO DISMISS FIRST AMENDED COMPLAINT (Dkt. 26, filed June 10, 2019)

## I. INTRODUCTION

On February 12, 2019, plaintiff Noah's Ark Processors, LLC filed this action against CMBG Advisors, Inc. ("CMBG"), alleging claims for breach of fiduciary duty and constructive fraud. Dkt. 1. On March 13, 2019, CMBG filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 9. The Court granted CMBG's motion and provided plaintiff with leave to amend the complaint. Dkt. 24 ("Order").

On May 20, 2019, plaintiff filed the first amended complaint which alleges a single claim for breach of fiduciary duty. Dkt. 25 ("FAC"). On June 10, 2019, CMBG filed the instant motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Dkt. 26 ("Mot."). Plaintiff filed an opposition on June 24, 2019. Dkt. 28 ("Opp'n"). CMBG filed a reply on July 1, 2019. Dkt. 29 ("Reply").

The Court held a hearing on July 15, 2019. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. An Assignment for the Benefit of Creditors

An assignment for the benefit of creditors ("ABC") is a "business liquidation device available to an insolvent debtor as an alternative to formal bankruptcy proceedings." Credit Managers Assn. v. Nat'l Indep. Bus. All., 162 Cal. App. 3d 1166,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:19-cv-01057-CAS-JDE | Date | July 15, 2019 |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

1169 (1984). Such assignments in California are governed by common law and a patchwork of state statutes. See id. Under an ABC, a distressed entity transfers its property to a third-party assignee who becomes responsible for liquidating the entity's estate in a fiduciary capacity for the benefit of the estate's creditors. See id. at 1169–1171. The laws governing ABCs require the third-party assignee to pay certain claims, such as secured claims or priority unsecured claims, before any general unsecured claims. See, e.g., Myzer v. Emark Corp., 45 Cal. App. 4th 884 (1996); Cal. Code Civ. P. § 1204.5 (providing for priority treatment of consumer deposit claims); Cal. Code Civ. P. § 1204 (providing for priority treatment of claims for wages, salaries, commissions, and employee benefit contributions).

### B. Plaintiff's Allegations

Plaintiff filed suit against Value Meats, Inc. dba Charlie's Pride ("VMI") in the Superior Court for the County of Los Angeles. FAC ¶ 4. In approximately August 2016, plaintiff reached a settlement with VMI in which VMI agreed to pay plaintiff $180,000. Id. Ex. A ("Judgment") at 2. VMI made a single payment of $42,107.18 on or about August 31, 2016, but failed to make any subsequent payments. Id. On October 18, 2016, VMI entered a general ABC in favor of CMBG. FAC Ex. B ("VMI ABC").

Pursuant to the VMI ABC, VMI transferred ownership of its assets to CMBG, and in so doing, designated CMBG to act, pursuant to California law, as the assignee for the benefit of creditors of VMI. VMI ABC at 1–2. The VMI ABC provides that the net proceeds from the liquidation of VMI's estate are to be applied first to certain prioritized claims, including secured claims, taxes, and employee claims, and that "all distributions to other creditors shall be, within each class, *pro-rata* in accordance with the terms of each creditor's indebtedness, until all such debts are paid in full." Id. at 6.

Plaintiff learned that VMI had entered an ABC on November 4, 2016. FAC ¶ 5. On November 14, 2016, plaintiff requested a judgment against VMI in the Los Angeles Superior Court. Id. ¶ 4. The Superior Court granted plaintiff's motion and entered judgment against VMI in the amount of $137,892.82, representing the principal of $180,000 less VMI's payment of $42,107.18, as well as interest in the amount of $2,684.90, attorneys' fees in the amount of $15,000, and interest at the rate of $37.78 daily through the date of satisfaction of judgment. Id.; Judgment at 2. Plaintiff represents that the amount required to satisfy that judgment is now $189,693.06. Id. ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | **'O'** | **JS-6** |
| Case No. | 2:19-cv-01057-CAS-JDE | Date | July 15, 2019 |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

In January 2017, plaintiff submitted a claim form to CMBG for an unsecured claim in the amount of $157,957.86. Compl. ¶ 5; Ex. C. On May 3, 2017, plaintiff's counsel, Ami Meyers, asked CMBG about the status of plaintiff's claim. CMBG, through Lisa van Eyssen, responded the next day that it was "in the process of settling a class action wage lawsuit with an agreed amount still pending" and that "[o]nce the priority claims have been paid out, [CMBG] will disburse to unsecured creditors on a pro-rata basis." FAC ¶ 6. CMBG also included a spreadsheet that listed VMI's creditors. Id.

On June 9, 2017, Meyers emailed van Eyssen requesting another status update. Id. ¶ 7. After receiving no response for over a month, Meyers emailed van Eyssen again around July 18, 2017. Id. That same day, van Eyssen responded that CMBG was "reviewing the 100+ claims that came in for Charlie's Pride—over 40 claims had insufficient back up documentation and discrepancies." Id.

On August 29, 2017, CMBG settled the case Claudia Ramirez v. Charlie's Meat Pride, Los Angeles Superior Court Case No. BC628264. Id. ¶ 8. Plaintiff alleges that it "appears" that "VMI paid money to settle that case," but that plaintiff "does not know the amount of money paid." Id.

On October 18, 2017, Meyers again emailed van Eyssen requesting another status update. Id. ¶ 9. Van Eyssen responded that, in addition to settling a class action wage lawsuit, CMBG was dealing with "a large amount of chargebacks" sent by Universal Trucking, totaling over $1 million, and that "as fiduciaries, CMBG is obligated to diligently review and verify the claim." Id. ¶ 10.

On January 10, 2018, Meyers emailed van Eyssen requesting another update and noted that the class action wage case had settled. Id. ¶ 11. CMBG responded that the Universal Trucking chargeback issue had not yet been resolved. Id.

On April 27, 2018, Meyers emailed van Eyssen noting that a year had passed since the final date to submit claims to CMBG and that he had "no idea as to how long the process would take." Id. ¶ 12. Van Eyssen responded that various matters had not yet concluded and explained that:

> [A]s the assignee for [VMI], CMBG has and continues to strive to resolve and settle ongoing contentious litigation and other ongoing matters in connection with the estate, whether arising from before or after the commencement of the ABC, in the most efficient and cost-effective manner as possible. Although

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:19-cv-01057-CAS-JDE | Date | July 15, 2019 |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

> we hope that these matters are resolved quickly, we anticipate that there will be very limited funds remaining in the estate to be distributed to the various creditors. Given the large pool of creditor claims submitted, it is highly likely that the resulting distributions will be nominal.

Id.

On November 6, 2018, Meyers sent van Eyssen an email asking why CMBG had not notified plaintiff about CMBG's settlement of Value Meats, Inc. v. USI, Los Angeles Superior Court Case No. BC688109. Id. ¶ 13. Van Eyssen responded that CMBG does not send out updates "to the creditors (which number in the hundreds for [VMI])" as it would be a cost on the ABC." Id. Meyers responded that "technology allows for cheap and fast ways to provide updates to hundreds of creditors." Id. CMBG's attorney responded with general information about two pending cases and explained that "there are other potential claims by and against the estate that are pending and will need to be resolved before we would be able to make any distributions." Id. Plaintiff alleges that it performed a search of all lawsuits filed in Los Angeles Superior Court, and on the basis of that search, claims that CMBG "has no other pending cases affecting this assignment for the benefit of creditors[.]" Id. ¶ 14.

## III. LEGAL STANDARD

### A. Rule 12(b)(1)

A motion to dismiss an action pursuant to Rule 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

### B. Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:19-cv-01057-CAS-JDE | Date | July 15, 2019 |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Moss, 572 F.3d at 972. However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'     JS-6

| Case No. | 2:19-cv-01057-CAS-JDE | Date | July 15, 2019 |
|---|---|---|---|
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

## IV.    DISCUSSION

### A.    Subject Matter Jurisdiction

Plaintiff's alleged basis for federal subject matter jurisdiction is diversity of citizenship. FAC ¶¶ 1–3. CMBG contends that plaintiff has failed to allege facts establishing that the amount in controversy exceeds $75,000. Mot. at 13. Specifically, CMBG contends that plaintiff's distribution from its claim is unlikely to exceed $2,000. Id. at 14. CMBG, however, does not provide any evidence supporting this contention. Plaintiff does not address this issue in its opposition brief.

When a defendant moves to dismiss for lack of jurisdiction, the burden of proof usually shifts to plaintiff to establish a "good faith" expectation of recovery of at least the minimum jurisdictional amount. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936). Although plaintiff did not admit any evidence in support of its opposition brief, plaintiff previously submitted a copy of the claim it filed with CMBG for $157,957.86. Dkt. 1, Ex. C. CMBG, on the other hand, provided no evidence supporting its contention that plaintiff would recover no more than $2,000 of that claim. Although it appears unlikely plaintiff will ultimately recover the entirety of its judgment against VMI, the Court nonetheless finds that, based on the current evidentiary record, the evidence previously submitted by plaintiff establishes a "good faith" expectation of recovering at least $75,000. Accordingly, the Court declines to dismiss plaintiffs' first amended complaint on jurisdictional grounds.

### B.    Failure to State a Claim

To state a claim for breach of fiduciary duty, a plaintiff must show: (1) the existence of a fiduciary relationship; (2) the breach of that relationship; and (3) damage proximately caused by the breach. Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2003). Plaintiff alleges that CMBG breached its fiduciary duty "by paying other unsecured, non-priority creditors before paying Plaintiff." FAC ¶ 15. According to plaintiff, CMBG's "withholding of money and information has damaged and continues to damage [it] in the amount of $189,693.06." Id.

CMBG's role as an assignee "is akin to that of a trustee or administrator of an estate who owes fiduciary duties to the estate's beneficiaries." Berg & Berg Enterp., LLC v. Sherwood Partners, Inc., 131 Cal. App. 4th 802, 825 (2005) (citation omitted). CMBG is thus "charged with the duty to defend the property in its hands against all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:19-cv-01057-CAS-JDE | Date | July 15, 2019 |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

unjust adverse claims." Credit Managers Ass'n v. National Independent Business Alliance, 162 Cal. App. 3d 1166, 1172 (1984). CMBG does not contest that it owes a fiduciary duty to plaintiff as a creditor of the VMI estate. Mot. at 9.

The Court previously found that plaintiff failed to sufficiently allege that CMBG breached its fiduciary duty. Order at 7. The Court explained that the terms of the VMI ABC and California Law "plainly require CMBG to pay secured claims and priority unsecured claims before making any payments to unsecured creditors such as plaintiff" and found that plaintiff had failed "to allege any facts suggesting that CMBG has paid other unsecured general claims in a manner that has wrongly reduced plaintiff's pro rata share." Id.

In the first amended complaint, plaintiff did not add any facts indicating that CMBG has paid other unsecured general claims but rather added various arguments about why CMBG's emails "clearly implied" that it was planning to pay other unsecured creditors before paying plaintiff. See FAC ¶¶ 12, 13. Plaintiff's addition of arguments, rather than facts, are insufficient to cure the deficiencies in the initial complaint. The Court remains unpersuaded that the content of CMBG's emails support an inference that CMBG has paid other unsecured, non-priority claims before paying plaintiff. The Court thus sees no reason to depart from its earlier conclusion that plaintiff's allegations are insufficient to allege a claim for breach of fiduciary duty.[1]

C.  **Leave to Amend**

CMBG requests that the Court dismiss plaintiff's claim with prejudice. Mot. at 13. In its opposition, plaintiff states that if given leave to amend, it would include allegations about CMBG's failure to file actions to recover property distributed by VMI in "avoidable transfers." Opp'n at 10. It appears that after the first amended complaint was filed, the former vice president of VMI participated in a judgment debtor exam and testified that VMI had sold certain property at the inception of the VMI ABC. Id. at 6.

---

[1] At the hearing, counsel for plaintiff focused much of his argument on CMBG's alleged failure to disclose all details about funds it has received and distributed pursuant to the VMI ABC. Plaintiff, however, fails to allege any facts establishing that it was damaged by CMBG's alleged withholding of information. Accordingly, plaintiff's allegations about CMBG's failure to disclose information are insufficient to state a claim for breach of fiduciary duty.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:19-cv-01057-CAS-JDE | Date | July 15, 2019 |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | |

Plaintiff argues that this sale was a preferential transfer and that CMBG should have sued to recover this property from VMI's owners within the one-year statute of limitations but failed to do so, thereby breaching their fiduciary duty to creditors such as plaintiff. Id. at 7.

CMBG responds by explaining that it did, in fact, analyze potential insider preference payments and offset some of these amounts against claims made to the estate. Reply at 2. CMBG also explains that the VMI ABC confers CMBG with "all powers necessary to marshal and liquidate the estate," and thus CMBG has the discretion to decide how to address VMI's sale of property at the inception of the ABC. Id.

The Court finds that the addition of allegations about VMI's sale of property would be futile. The VMI ABC grants CMBG discretion in liquidating VMI's estate and does not necessarily require CMBG to bring a lawsuit to recover preferential transfers. Plaintiff has not provided enough facts to establish that CMBG's failure to bring a lawsuit—as opposed to addressing potential preference payments through other means—damaged plaintiff by reducing its pro rata share. Accordingly, the allegation that CMBG failed to bring a lawsuit to recover preferential transfers would be insufficient to state a claim for breach of fiduciary duty.

Considering that plaintiff has already been provided an opportunity to cure the deficiencies identified herein and has not offered any additional facts[2] in its opposition that would state a claim for relief against CMBG, dismissal shall be with prejudice. Accordingly, plaintiff's claim for breach of fiduciary duty is **DISMISSED** with prejudice.

---

[2] Plaintiff also asserts that VMI's "pre-ABC revenues far [outstripped] the $15 million" in creditor claims and questions the propriety of VMI's decision to enter an ABC. Opp'n at 7. This fact, even if true, appears to have no relevance to whether CMBG breached its fiduciary duties to VMI's creditors.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** | **JS-6** |
|---|---|---|---|---|
| Case No. | 2:19-cv-01057-CAS-JDE | Date | July 15, 2019 | |
| Title | NOAH'S ARK PROCESSORS, LLC v. CMBG ADVISORS, INC. | | | |

## V. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** CMBG's motion to dismiss plaintiff's first amended complaint and **DISMISSES with prejudice** plaintiff's claim for breach of fiduciary duty.

IT IS SO ORDERED.

|  | 00 | : | 14 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |